# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2026

Lyle W. Cayce
Clerk

No. 26-50187

RUSSELL SCOTT ADAMS,

*Plaintiff—Appellant*,

*versus*

JESSE BALDWIN, *Kerrville Police Department*, *Badge #3229*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-1190

Before JONES, HO, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Russell Scott Adams, Texas prisoner # 2096368, moves to proceed in forma pauperis (IFP) on appeal following the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) and the denial of his postjudgment motions. Through his IFP motion, Adams challenges the district court's determination that the appeal is not taken in good faith. *See*

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 26-50187

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Adams primarily attempts to incorporate by reference certain district court pleadings, which is not permitted. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent Adams's motion can be liberally construed as asserting that the district court's order denying his IFP motion was deficient, the district court's incorporation of its reasoning from the order dismissing his complaint satisfies the procedural requirements for denying an IFP motion. *See Baugh*, 117 F.3d at 202 n.21. As Adams fails to challenge the district court's substantive rulings, he has abandoned the issue. *See Yohey*, 985 F.2d at 224-25.

In view of the foregoing, Adams's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Our dismissal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal for failure to state a claim. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). We WARN Adams that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).